# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mercedes Nightingale Morgan-Buechner, | Case No. 19-cv-1916 (DWF/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| James Edward Buechner, | |
| Defendant. | |

---

Plaintiff Mercedes Nightingale Morgan-Buechner seeks to proceed *in forma pauperis* ("IFP") (Dkt. 2) in this Section 1983 civil rights suit that she filed before this Court. The Complaint contains a variety of allegations against Defendant James Edward Buechner about the treatment of her children. (Dkt. 1.) Her complaint is before the Court for screening pursuant to Section 1915(e)(2).

Although Morgan-Buechner qualifies financially to proceed *in forma pauperis* ("IFP"), the undersigned recommends that her complaint be dismissed for failure to state a claim. An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn,* 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.,* 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the

1

complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

Here, Morgan-Buechner has failed to identify a valid legal claim under federal law for multiple reasons. First, her case cannot proceed under Section 1983 as pled because the Defendant—James Buechner—is not alleged to be a state actor. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." 42 U.S.C. § 1983. From the facts pled, it appears that Mr. Buechner is either a relative or former husband. Plaintiff seeks a different child custody arrangement and to recover for various tortious actions, but she does not allege that any of the actions came about by Mr. Buechner as a state actor. Accordingly, she cannot invoke subject matter jurisdiction under the guise of Section 1983 because she has not stated a valid Section 1983 claim.

Second, there are no other apparent federal claims on the face of the Complaint.

Third, she checked the box for diversity jurisdiction on her Complaint, but the facts pled do not meet the requirements of diversity jurisdiction. Section 1332 requires that the parties be citizens of different states and that the amount in controversy exceeds

$75,000. 28 U.S.C. § 1332. This case meets neither requirement because the parties are both citizens of Minnesota and the amount in controversy is $12,000. (Dkt. 1 at 3, 4.)

Fourth, this Court cannot exercise supplemental jurisdiction under Section 1367 where there are no prevailing federal claims. *See* 28 U.S.C. § 1367; *Hervey v. Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (finding that where all federal claims are dismissed, a state claim should be dismissed without prejudice so that a state court can address it).

Morgan-Buechner has not pled a viable claim for relief. Accordingly, it is recommended that this matter be dismissed without prejudice.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. That the application to proceed *in forma pauperis* of Plaintiff Morgan-Buechner (Dkt 2) be **DENIED AS MOOT.**

Dated: August 22, 2019            *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).